IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

OPTIMAL POWER SOLUTIONS, INC.
95 Third Street, 2nd Floor
San Francisco, CA 94107,

        Plaintiff,

v.                                          Case No.:

THOMSON TECHNOLOGY POWER SYSTEMS ULC
4916 – 275th Street
Langley B.C., Canada, V4W 0A3,

        Defendant.

## COMPLAINT

Plaintiff, Optimal Power Solutions, Inc. ("Optimal"), states for its Complaint against Defendant, Thomson Technology Power Systems ULC ("Thomson"), as follows:

### PARTIES

1. Optimal is a Washington corporation with its principal business office located at 95 Third Street, 2nd Floor, San Francisco, California 94107.

2. Thomson is, on information and belief, an Alberta, Canada corporation with its principal place of business at 4916 – 275th Street, Langley B.C., Canada, V4W 0A3.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2) because Optimal (the Plaintiff) is a citizen of Washington and California, and Thomson

1

(the defendant) is a citizen of Canada, and because the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the events or omissions giving rise to this claim occurred in this District. Venue is also proper because the parties agreed in paragraph 18 of their August 1, 2017 "Agreement With Manufacturer's Representative" (the "Agreement") that venue is proper and exclusive in Milwaukee County Circuit Court or this District:

> 18. Choice of Law, Venue and Jurisdiction
>
> This Agreement shall be governed by the laws of the State of Wisconsin. The ***exclusive venue*** for determining any dispute regarding the interpretation, breach, or enforcement of this Agreement shall be the Circuit Court of Milwaukee County, Wisconsin or ***the United States District Court for the Eastern District of Wisconsin***. Representative hereby consents, and waives any objections, to the exercise of personal jurisdiction in Wisconsin.

(emphasis added)

## GENERAL FACTUAL ALLEGATIONS

5. On or about January 1, 2020, Optimal and Thomson entered into the Agreement, whereby Optimal agreed to continue operating as an independent sales representative for Thomson.

6. Per the Agreement, Optimal had, in fact, been operating as "an appointed independent representative" prior to that time, and had signed a previous Manufacturer's Representative Agreement as well.

7. As Thomson's independent sales representative, and pursuant to the Agreement (as well as pursuant to its duties prior to the Agreement), Optimal was responsible for "developing the potential market" for Thomson's "Products" (a contractually-defined term), and promoting the sales of the "Products" (a contractually-defined term), in the "Territory" (a contractually-defined term,

which included customers and sales in Wisconsin), for "Assigned Accounts" (a contractually-defined term, which included customers in Wisconsin).

8. In exchange, Thomson agreed to pay Optimal commissions on the sale of "Products."

9. Optimal performed under the Agreement, and billed Thomson for its commissions earned.

10. Thomson accepted the billing statements without objection.

11. Thomson, however, has failed to pay Optimal commissions earned in the principal amount of $400,000.

12. Optimal has attempted to obtain payment from Thomson via negotiation.

13. Yet, Thomson has failed and refused to pay Optimal, even though it admits it owes Optimal commissions.

14. Thomson's failure and refusal to pay Optimal the commissions due and owing has included repeated promises to pay that were broken, repeated statements that Thomson was working through its own internal accounting issues, and Thomson's admissions that it owed commissions to Optimal.

15. On July 18, 2022, Optimal's counsel sent a demand letter, demanding payment of the overdue commissions.

16. To date, Thomson has not responded to the letter, or made payment to Optimal.

## COUNT I – BREACH OF CONTRACT

17. Optimal realleges and incorporates by reference the allegations of the foregoing paragraphs.

18. Thomson's failure and refusal to pay commissions constitutes a material breach of contract.

19. Thomson's breach has caused damages to Optimal, including in the principal amount of the commissions due and owing.

20. Thus, Optimal is entitled to damages in the principal amount of the commissions due and owing, plus all other legal and equitable remedies to which it is entitled by law, contract, or equity.

## COUNT II – ACCOUNT STATED

21. Optimal realleges and incorporates by reference the allegations of the foregoing paragraphs.

22. Optimal provided Thomson with statements of its commissions due and owing.

23. Those statements showed the amount due and owing to Optimal.

24. Thomson accepted the statements of account without objection and admitted the statements were correct.

25. Thomson has made an actual or implied promise to pay Optimal commissions due and owing.

26. Thomson is, therefore, liable to Optimal in the principal amount of the commissions due and owing, plus all other legal and equitable remedies to which Optimal is entitled by law, contract, or equity.

## COUNT III – VIOLATION OF WIS. STAT. § 134.93

27. Optimal realleges and incorporates by reference the allegations of the foregoing paragraphs.

28. Optimal is an independent sales representative, and has been so at all times relevant to this lawsuit, as that term is defined in Wis. Stat. § 134.93.

29. Thomson was obligated to pay Optimal commissions, when due.

30. Thomson failed to pay Optimal commissions when due.

31. As such, pursuant to Wis. Stat. § 134.93(5), Thomson is liable to Optimal for the principal amount of commissions due, plus exemplary damages of not more than 200 percent of the commissions due, plus Optimal's costs (including reasonable actual attorney fees) in bringing this action and otherwise collecting the amounts due and owing.

**WHEREFORE,** Optimal Power Solutions, Inc. demands judgment against Defendant, Thomson Technology Power Systems ULC as follows:

a. For damages in the principal amount of $400,000, plus exemplary damages of not more than 200 percent of that amount;

b. For Optimal's costs, including reasonable attorney fees, incurred in this matter;

c. For all applicable prejudgment and post-judgment interest; and,

d. For such other and further relief to which Optimal is legally and/or equitably entitled, or which the Court otherwise deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 5th day of August, 2022.

> Respectfully submitted,
>
> ATTORNEYS FOR PLAINTIFF, OPTIMAL POWER SOLUTIONS, INC.
>
> s/ Michael D. Huitink
> Michael D. Huitink
> Wisconsin State Bar No. 1034742
> Willem J. Noorlander
> Wisconsin State Bar No. 1033089

5

Stephanie Hanold Anacker
Wisconsin State Bar No. 1051845

SBR LAW GROUP LLC
675 N. Barker Road, Suite 300
Brookfield, WI 53045
Phone: 262-513-3315
Fax:     262-513-3318
Email: mhuitink@sbrlaw.us
Email: wnoorlander@sbrlaw.us
Email: sanacker@sbrlaw.us